UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CARL EDWARD JONES | CIVIL ACTION |
| VERSUS | NO. 15-1202 |
| SHERIFF MARLIN N. GUSMAN, WARDEN KEVIN WINFIELD | SECTION "F"(4) |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.      Factual and Procedural Background**

The plaintiff, Carl Edward Jones ("Jones"), was an inmate housed in the Orleans Parish Prison ("OPP") at the time of the filing of this *pro se* complaint under 42 U.S.C. § 1983. The plaintiff filed his complaint against the defendants, Orleans Parish Sheriff Marlin N. Gusman and Warden Kevin Winfield, complaining that he was denied the chance to attend his mother's funeral, he was not allowed to fully practice his Orthodox Muslim religion, and developed an infection on his foot due to the unsanitary conditions at the prison.[1] With his complaint, the plaintiff submitted an application to proceed *in forma pauperis* which he failed to sign.[2]

---

[1] Rec. Doc. No. 1 (deficient).

[2] Rec. Doc. No. 2 (deficient).

## II. Standard of Review under Fed. R. Civ. P. 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See*, *e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

In this case, the plaintiff is without counsel and is responsible for the prosecution of his case. A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Information Solutions Inc.*, 214 Fed. App'x 459, 462 (5th Cir. 2007). A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

## III. Analysis

As indicated above, plaintiff submitted his complaint with an unsigned request from him to proceed *in forma pauperis*. By notice dated April 21, 2015, the Clerk of Court notified Jones that he was required to sign his application to proceed as a pauper.[3] The Clerk of Court mailed this

---

[3]Rec. Doc. No. 2 (deficient).

notice to Jones at OPP, the address he provided on the complaint. The envelope containing this notice has not been returned as undeliverable, and no response was received from Jones.

Jones later filed a notice of change of address in which he indicated that he had been transferred to River Correctional Center in Ferriday, Louisiana.[4] He still did not reply to the notice of deficiency previously sent to him by the Clerk of Court.

On June 9, 2015, the undersigned issued an Order requiring Jones to show cause on or before July 1, 2015, why his complaint should not be dismissed for his failure to comply with the Clerk's deficiency notice by signing and returning the copy of the pauper application provided to him.[5] The Order was sent to Jones at River Correctional Center, his most recent address of record. On June 24, 2015, the envelope was returned as undeliverable marked "RETURN TO SENDER - <u>REFUSED</u> - UNABLE TO FORWARD" (underline added, upper case in original).[6]

The notice of deficiency and the Court's Order were mailed to Jones at the addresses he provided to the Court. Since his initial notice, Jones has not again notified the Clerk's Office or the Court that he has been released from River Correctional Center or that his address has changed. Jones has demonstrated his understanding that all litigants are obligated to keep the court advised of any address change pursuant to Local Rules 11.1 and 41.3.1 and as acknowledged by Jones in the Plaintiff's Declaration he signed on March 25, 2015.[7]

---

[4]Rec. Doc. No. 4.

[5]Rec. Doc. No. 5.

[6]Rec. Doc. No. 6.

[7]Rec. Doc. No. 1, p. 6.

3

Jones still has not corrected the deficiency on his pauper application and apparently has "REFUSED" to accept delivery of mail sent to him by this Court. Accordingly, dismissal with prejudice of his complaint is proper under Fed. R. Civ. P. 41(b) for his failure to prosecute.

## IV.     Recommendation

It is therefore **RECOMMENDED** that Jones's § 1983 complaint against the defendants, Sheriff Marlin N. Gusman and Warden Kevin Winfield, be **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[8]

New Orleans, Louisiana, this 21st day of July, 2015.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.